ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------

Corey Davis,

    plaintiff,

v.  CV12  1906

Joy Brown, PODS Inc.,

    defendants.

-----------------------------------

Case No.

ROSS, J.

Complaint

\_\_\_\_\_ M.J.

Jury Demand
X Yes    ___ No

Now comes Corey Davis, plaintiff, pro se, to seek compensation from defendants, Joy Brown and PODS Inc. for the deprivation of his property without due process and in violation of New York State law.

## Jurisdiction

1. This court has jurisdiction over this matter under the provisions of 28 U.S.C. § 1332, as the amount in controversy is greater than $75,000.

## Parties

2. Plaintiff Corey Davis is a resident of Beaver, West Virginia.

3. Defendant Joy Brown resides at 145 Clermont Avenue Hempstead, New York in the County of Nassau. At all times relevant Joy Brown was acting as the custodian of all of plaintiff's personal property.

4. Defendant PODS Inc. is a storage company with a location at 4062 Grumman Boulevard - Building 16 Calverton, New York in the county of

Suffolk. At all times relevant PODS Inc. was entered into a contract with Joy Brown to safely and securely store plaintiff's property.

## Allegations

5. On December 27, 2006 plaintiff was arrested and held without bail.

6. In or about the middle of January 2007, defendant Joy Brown contacted PODS Inc. for the purpose of placing all of plaintiff's home furnishings, personal property, and clothing in storage.

7. At a date presently unknown to the plaintiff, a container arrived at plaintiff's residence at which time Joy Brown supervised the loading of the container with the plaintiff's property.

8. After the container was loaded with plaintiff's property, it was removed to a location unknown to the plaintiff at the present time.

9. Defendant Brown did not consult the plaintiff prior to placing his property in storage. However Brown did inform him, after the fact.

10. Defendant Brown assumed total responsibility for the monthly rental payments and assured plaintiff that she would keep them current.

11. Plaintiff trusted Brown to make the payments.

12. In or about April of 2010 plaintiff's sister, Charvon Davis-Pierce informed plaintiff, that Brown had informed her that Defendant PODS Inc., had sold all of plaintiff's property.

13. Pierce told plaintiff that Brown told her, that PODS had sold the property due to non-payment of storage fees.

14. At no time prior to April of 2010 did defendant Brown inform

plaintiff that his property had been sold.

15. Joy Brown has subsequently informed plaintiff that she was originally notified of the sale of the property in December of 2009.

16. All attempts and requests by the plaintiff to have Brown provide him with all records related to the storage agreement, subsequent payments, and the eventual liquidation of the property, have been unsuccessful.

17. Brown informed plaintiff that PODS Inc. never sent her a bill stating that she owed rental fees. Brown also told plaintiff that PODS said they had sent her a notice of pending sale, via certified mail. Brown claims she never received such notice.

18. Upon information and belief, plaintiff alleges that Joy Brown, at some point after placing plaintiff's property in storage, became a cooperating witness with law enforcement.

19. Plaintiff further alleges that because of her cooperation, and law enforcement's intentional interference with plaintiff and Brown's fourteen year relationship, Brown developed true animosity toward the plaintiff.

20. Plaintiff alleges this animosity caused Brown to intentionally cease making payments on plaintiff's property.

21. Upon information and belief, plaintiff alleges that defendant PODS Inc. never mailed any notice of delinquency, nor any notice of a pending liquidation sale to defendant Brown.

22. Upon information and belief plaintiff alleges that PODS Inc. sold plaintiff's property with the full knowledge that they had not provided adequate notice to Brown.

23. This violated PODS Inc.'s contractual agreement with Joy Brown which was for the plaintiff's benefit.

24. At no time did plaintiff authorize Joy Brown or PODS Inc. to liquidate his property.

25. The actions of Brown and PODS Inc. caused the plaintiff a deprivation of his property and a total loss of approximately $160,000.

## Causes of Action

26. Plaintiff is entitled to recover damages from defendants each of them based on the theories of liability hereinafter enumerated in Counts I-VII, and under such theories of liability as may be appropriate based upon the facts as alleged herein or as revealed during discovery.

### Count I - Negligence
(Joy Brown)

27. Defendant Joy Brown had a duty to maintain current, the payments on plaintiff's property she placed in storage, as she assumed sole responsibility for, and told plaintiff she would keep current such payments. In failing to do so Brown was negligent.

28. Defendant Brown had a duty to, once she decided that she would not, or could not make the payments, inform plaintiff so that he had the opportunity to act appropriately to secure his property interests. In failing to do so Joy Brown was negligent.

### Count II - Negligence
(PODS Inc.)

29. PODS Inc. had a duty to, duly and timely notify Joy Brown that her failure to make timely payments resulted in a delinquency and that the plaintiff's property was pending liquidation. In failing to do so, PODS Inc. was negligent and failed to act with reasonable care.

### Count III - Intentional Negligence
### (Joy Brown)

30. By knowingly and willfully ceasing to make payments on the storage of plaintiff's property, due to her animosity borne out of her cooperation with law enforcement, Joy Brown intended to, and did in fact cause plaintiff's property to be liquidated.

### Count IV - Intentional Negligence
### (PODS Inc.)

31. By knowingly and willfully failing to provide Joy Brown with proper notice that plaintiff's property was pending liquidation, defendant PODS Inc. intended to, and did in fact sell plaintiff's property without due process or just cause.

### Count V - Breach of Contract
### (PODS INC.)

32. PODS Inc. had a contractual obligation to notify Joy Brown of both, her delinquency and the pending sale of the plaintiff's property which Brown placed in their possession. PODS Inc.'s failure to do so breached the contract it entered into with Brown for the plaintiff's benefit.

### Count VI - Conversion
### (PODS Inc.)

33. By liquidating plaintiff's property PODS Inc., without any authorization from plaintiff or his representative, assumed the right of ownership over plaintiff's property.

### Count VII - Violation of Bailment
### (Joy Brown)

34. By Joy Brown retrieving plaintiff's property from his home, she took possession and control over the property. This created the implied and expressed contract between Brown and plaintiff where Brown agreed to assure the security of palintiff's property until he directed her to do otherwise. At no time did the plaintiff instruct Brown, in any way, to dispose of his property. Brown's failure to secure plaintiff's property violated bailment.

### Compensatory Damages
### (All Defendants)

35. The conduct, acts, and omissions of the defendants alleged herein were in part intentional and in part displayed a callous disregard for the plaintiff's property, and property rights.
36. Plaintiff is entitled to receive compensatory damages.

Wherefore, plaintiff prays that this court enter judgement in favor of plaintiff and against defendants and each of them as follows:

1. Compensatory damages in the amount of $160,000
2. For special damages in the amount of $500,000.

3. For punitive damages in an amount which plaintiff will prove.

4. For such other and further relief as the court deems right and just under the circumstances.

_____  April 11, 2012
Corey Davis, Plaitiff Pro Se

FCI Beckley
P.O. BOX 350
Beaver, West Virginia 25813

Mr. Corey Davis
FCI Beckley
P.O. BOX 350
Beaver, West Virginia 25813
April 13, 2012


Pro Se Clerk
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Certified Mail No. 7008 1830 0000 5835 1728


Re: <u>Lawsuit Filing</u>


Dear Clerk:

    Enclosed please find a lawsuit I wish be filed and a an application to proceed In Forma Pauperus. If I have complied with all requirements for filing, please file this suit for me. If I have not, please inform me of what I must do to comply.

    I thank you for all attention to this matter.


Very Truly Yours,

*[signature]*
Corey Davis @42898-053


enc: