UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------

Corey Davis,

      plaintiff,


      v.


Joy Brown and PODS Inc.,

      defendants.

-----------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 15 2013 ★

LONG ISLAND OFFICE

12-cv-1906

SJF-ETB

RECEIVED

APR 1 7 2013

EDNY PRO SE OFFICE

## MOTION TO COMPEL THE
## PRODUCTION OF DOCUMENTS

     Now comes plaintiff, Corey Davis, pro se, seeking an
Order from this Court compelling defendant Joy Brown, the
Federal Bureau of Investigation, and the United States Postal
Service to comply with the Federal Rules of Civil Procedure,
by providing the plaintiff records and documents which he has
requested and is entitled to receive.


### JOY BROWN


     By letter dated November 21, 2012 the plaintiff served
the defendant Joy Brown with a request for the production of
documents. This letter is attached to this motion as Exhibit
A. The letter was served via certified United States Mail. The

plaintiff has received the return receipt indicating the letter was received by the defendant.

To date Joy Brown has not complied with, nor responded to, the request in any way. She has in fact communicated to witnesses that she will not provide the plaintiff any of the documents he has requested. The plaintiff respectfully requests this court to issue an Order compelling Joy Brown to immediately comply with the plaintiff's discovery request.

## FEDERAL BUREAU OF INVESTIGATION

On December 6, 2012, the plaintiff, via certified U.S. mail, served the Federal Bureau of Investigation with a subpoena for the production of documents related to its interaction with defendant Joy Brown. These documents were to be provided to the plaintiff on or before January 15, 2013. See Exhibit B. However, that has date passed and the plaintiff has received no response from the FBI at all.

The plaintiff tracked the certified mail number and was unable to confirm the delivery of the subpoena. Therefore, on January 22, 2013 the plaintiff again served the FBI with the subpoena via certified U.S. mail. Plaintiff requested he be provided the documents by no later than March 1, 2013. See Exhibit C. This subpoena was received and signed for by the FBI on February 1, 2013. See Exhibit D. The plaintiff has also confirmed that the original subpoena that he mailed to the FBI was received and signed for on January 21, 2013. See Exhibit E. To date the FBI has not responded to the plaintiff's subpoena in any way.

In the plaintiff's complaint he filed in this matter, he alleged that both Joy Brown and PODS Inc. were intentionally negligent causing the plaintiff a total loss of his personal property. The plaintiff alleged that Joy Brown intentionally failed to maintain current, the rental fees she had assumed responsibility for. Plaintiff specifically alleged that defendant Brown's actions were borne out of animus developed through her cooperation with law enforcement. The requested information is material. It is essential in establishing facts directly related to the plaintiff's claims.

Wherefore, the plaintiff respectfully requests that this court issue an Order compelling the FBI to immediately provide the plaintiff with all of the requested documents.

## UNITED STATES POSTAL SERVICE

On January 22, 2013 the plaintiff served the United States Postal Service, via certified U.S. mail, a subpoena for the production of documents. The plaintiff requested that these documents be provided to him on or before February 20, 2013. See Exhibit F. This subpoena was received and signed for by the U.S. Postal Service on February 4, 2013. See Exhibit G. To date, the plaintiff has not received the subpoenaed records, nor any response at all from the United States Postal Service.

In his complaint the plaintiff alleged that defendant PODS Inc. failed to properly notify defendant Joy Brown of the impending sale of the plaintiff's property. Under New York

State law, N.Y. Code - Section 182: Self-service Storage
Facilities, when a storage facility moves to enforce a lien,
via the sale of goods to satisfy fees due, that storage
facility shall provide the occupant (Renter) adequate notice.
"The notice shall be personally delivered to the occupant, or
sent by registered or certified mail, return receipt
requested, to the occupant to the last address provided by the
occupant, pursuant to the occupancy agreement." N.Y. L.I.E.
LAW § 182(7).

The requested records from the United States Postal
Service are material. They are necessary to evidence whether
or not, defendant PODS Inc. did, in fact, comply with the
governing laws of the State of New York. Wherefore, the
plaintiff respectfully requests this court to issue an Order
compelling the United States Postal Service to immediately
provide the plaintiff with the records requested in his
subpoena.

The plaintiff thanks the Court for its consideration
in this matter.


Respectfully Submitted,

Corey Davis, plaintiff, pro se                    April 4, 2013

Exhibit A

Mr. Corey Davis

U.S.P. Tucson

P.O. BOX 24550

Tucson, AZ 85734

November 21, 2012

Ms. Joy Brown

145 Clermont Avenue

Hempstead, New York 11550

Certified Mail No. 7012 1640 0001 1765 6476

Re: Davis v. Brown, PODS Inc.

Dear Joy:

As you know, I am the plaintiff in the above titled action. Pursuant to the Federal Rules of Civil Procedure, I am requesting that you provide me the following records by the 6th day of December 2012:

1. A copy of the rental agreement you entered into with PODS Inc.

2. Copies of any and all invoices you received from PODS Inc. in relation to your rental of a pod to store my property.

3. Any other letters, notices, and or correspondence you received from PODS Inc. in relation to your rental of a pod to secure my property.

4. Copies of any and all checks and or money orders remitted to PODS Inc. for payment of rental fees related to your rental of a pod to store my property.

5. Copies of any delinquency notice(s) received by you from PODS Inc. related to your rental of a pod to secure my property.

6. The name(s) of any law enforcement agency that you had any contact with between the years 2006 to 2012.

7. The name(s) and title(s) of any law enforcement officer/agent that you had any contact with between the years 2006 to 2012.

8. Copies of any agreements and or waivers entered into by yourself and any law enforcement agency.

9. Copies of any warrants and or subpoenas issued for yourself between the years 2006 to 2012.

10. A list of all telephone numbers, landline or cellular, used by you between the years 2006 to 2012. This request includes the name(s) the telephone was registered to.

11. The name of the bank(s) and bank account number(s) owned and or utilized by you between the years 2006 to 2012.

12. Copies of any and all of your bank statements for each and every account between 2006 and 2012.

13. Your complete income tax filings and returns for the years 2006 to 2012.

14. The names of all credit and charge card accounts you have held since 2006.


As a defendant in a civil suit in Federal Court you have an obligation to provide the records requested herein. If you fail to do so, I, as the plaintiff have the right to seek a Court Order directing you to provide the records. If you still do not provide me the records the Court can hold you in

contempt and or impose a sanction against you which could be a monetary fine.

On October 11, 2012 you were required to participate in a telephonic conference with the Court in this matter. You did not attend and to date, have still not responded to the lawsuit. I could at this point file a motion for summary judgement. If granted, this would enter a judgement against you in the full amount of the suit which is $660,000. I have not moved for summary judgement. However, if you do not comply with this document request I will move for summary judgement against you. I would advise you to turn these records over to me within the 14 day requirement under the law, or to hire a lawyer and file objections to this document request.

I will greatly appreciate your cooperation in this matter.

Very Truly Yours,

Corey Davis @42898-053

Exhibit B

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Corey Davis | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   12-CV-1906 |
| | ) | |
| Joy Brown, PODS Inc., | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Federal Bureau of Investigations

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   (SEE ATTCHED PAGE)

| Place: <br> United States Penitentiary- <br> Tucson, Arizona 84734 | Date and Time: <br> On or Before January 15, 2012 |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: December 6, 2012

| CLERK OF COURT | | |
|---|---|---|
| | OR | _Attorney's signature_ |
| _Signature of Clerk or Deputy Clerk_ | | |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
Corey Davis, plaintiff pro se _____ , who issues or requests this subpoena, are:

Corey Davis #42898-053 P.O. BOX 24550 Tucson, Arizona 85734

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Mr. Corey Davis

U.S.P. Tucson

P.O. BOX 24550

Tucson, AZ 85734

December 6, 2012

Federal Bureau of Investigations

950 Pennsylvania Ave., NW

Washington, D.C. 20535

Certified Mail No. 7012 1640 0001 1765 8494


Re: Subpoena


Dear Legal:

        This is the attached page to the enclosed subpoena for
the following documents:


1. Any and all records, in the possession of the Federal
Bureau of Investigations, of any FBI contact and or
communications with Joy N. Brown, date of birth July 20, 1975
between the years 2006 and 2012. This includes, but is not
limited to, any recorded telephone calls, records of telephone
calls, cooperation agreements, waivers, statements, subpoenas,
302's, scratch notes, photographs and video footage.
2. The name(s), title, telephone number, address, and e-mail
address for any FBI employee who interviewed or had any
contact with Joy N. Brown  between the years 2006 and 2012.
3. Any and all records, in the possession of the FBI, of any
and all FBI contact with Chester B. Davis, date of birth
August 23, 1944 between 2006 and 2012. This request includes,

but is not limited to, recorded telephone conversations, records of telephone calls, cooperation agreements, waivers, statements, subpoenas, 302's, scratch notes, photographs and video footage.

4. The name(s), title, telephone number, address and e-mail address for any FBI employee who interviewed or contacted Chester B. Davis in any way between the years 2006 and 2012.

5. Any and all records, in the possession of the FBI, of any and all contact with Charvon Davis-Pierce, date of birth June 4, 1970, between the years 2006 and 2012. This includes, but is not limited to, recorded telephone conversations, records of telephone calls, cooperation agreements, statements, waivers, subpoenas, 302's, scratch notes, photographs and video footage.

6. The name(s), titles, telephone number, address and e-mail address for any FBI employee who interviewed or contacted Charvon Davis-Pierce in any way between 2006 and 2012.

7. Any and all records, in the possession of the FBI, of any and all contact with Chester B. Davis, date of birth September 29, 1966 between the years 2006 and 2012. This includes, but is not limited to, recorded telephone conversations, records of telephone calls, cooperation agreements, statements, waivers, subpoenas, 302's, scratch notes, photographs and video footage.

8. The name(s), title, telephone number, address and e-mail address of any FBI employee that interviewed or contacted Chester B. Davis, date of birth September 29, 1966, in any way between 2006 and 2012.

9. Any and all records, in the possession of the FBI, of any

Exhibit C

Mr.Corey Davis

U.S.P. Tucson

P.O. BOX 24550

Tucson, AZ 84735

January 22, 2012

Federal Bureau of Investigations

950 Pennsylvania Avenue., NW

Washington, D.C. 20535

Certified Mail No. 7012 3050 0001 1126 0652

Re: Subpoena

Dear Legal:

Enclosed please find a copy of a subpoena I attempted to serve upon your office via Certified U.S. Mail. I have not received the return receipt and the Postal Service has not been able to confirm that it has been delivered. Therefore, I am serving your office with another copy of the subpoena. I ask your office to please provide me the requested records by no later than March 1, 2013.

I thank you for your prompt attention to this matter.

Very Truly Yours,

Corey Davis @42898-053

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Corey Davis | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 12-CV-1906 |
| | ) |
| Joy Brown, PODS Inc., | ) |
| Defendant | ) (If the action is pending in another district, state where: ___ ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Federal Bureau of Investigations

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: (SEE ATTCHED PAGE)

| Place: United States Penitentiary-Tucson, Arizona 84734 | Date and Time: On or Before January 15, 2012 |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: December 6, 2012

CLERK OF COURT

OR _____

_____     _____
Signature of Clerk or Deputy Clerk     Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Corey Davis, plaintiff pro se ___, who issues or requests this subpoena, are:

Corey Davis #42898-053 P.O. BOX 24550 Tucson, Arizona 85734

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

(c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Mr. Corey Davis

U.S.P. Tucson

P.O. BOX 24550

Tucson, AZ 85734

December 6, 2012

Federal Bureau of Investigations

950 Pennsylvania Ave., NW

Washington, D.C. 20535

Certified Mail No. 7012 1640 0001 1765 8494


Re: Subpoena


Dear Legal:

This is the attached page to the enclosed subpoena for the following documents:

1. Any and all records, in the possession of the Federal Bureau of Investigations, of any FBI contact and or communications with Joy N. Brown, date of birth July 20, 1975 between the years 2006 and 2012. This includes, but is not limited to, any recorded telephone calls, records of telephone calls, cooperation agreements, waivers, statements, subpoenas, 302's, scratch notes, photographs and video footage.

2. The name(s), title, telephone number, address, and e-mail address for any FBI employee who interviewed or had any contact with Joy N. Brown between the years 2006 and 2012.

3. Any and all records, in the possession of the FBI, of any and all FBI contact with Chester B. Davis, date of birth August 23, 1944 between 2006 and 2012. This request includes,

but is not limited to, recorded telephone conversations, records of telephone calls, cooperation agreements, waivers, statements, subpoenas, 302's, scratch notes, photographs and video footage.

4. The name(s), title, telephone number, address and e-mail address for any FBI employee who interviewed or contacted Chester B. Davis in any way between the years 2006 and 2012.

5. Any and all records, in the possession of the FBI, of any and all contact with Charvon Davis-Pierce, date of birth June 4, 1970, between the years 2006 and 2012. This includes, but is not limited to, recorded telephone conversations, records of telephone calls, cooperation agreements, statements, waivers, subpoenas, 302's, scratch notes, photographs and video footage.

6. The name(s), titles, telephone number, address and e-mail address for any FBI employee who interviewed or contacted Charvon Davis-Pierce in any way between 2006 and 2012.

7. Any and all records, in the possession of the FBI, of any and all contact with Chester B. Davis, date of birth September 29, 1966 between the years 2006 and 2012. This includes, but is not limited to, recorded telephone conversations, records of telephone calls, cooperation agreements, statements, waivers, subpoenas, 302's, scratch notes, photographs and video footage.

8. The name(s), title, telephone number, address and e-mail address of any FBI employee that interviewed or contacted Chester B. Davis, date of birth September 29, 1966, in any way between 2006 and 2012.

9. Any and all records, in the possession of the FBI, of any

and all FBI contact with Sintera M. Graham, date of birth
January 19, 1972 between the years 2006 and 2012. This
includes, but is not limited to, recorded telephone
conversations, records of telephone calls, cooperation
agreements, statements, waivers, subpoenas, 302's, scratch
notes, photographs and video footage.

10. The name(s), titles, telephone numbers, address and e-mail
address of any FBI employee who interviewed or contacted
Sintera Graham in any way between 2006 and 2012.

This request is made for information obtained and
accumulated, by the FBI throughout its investigation of Corey
Davis AKA "Magnificent," date of birth February 13, 1972. The
FBI file number is 31-NH-44050. These requested records may
have also been generated throughout a parallel investigation
for money laundering and wire fraud, where Corey Davis,
Chester B. Davis, and Chester B. Davis (III) were the subjects
of the investigation.

Exhibit D

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br><br>B. Received by ( *Printed Name* ) M Jones / DVO    C. Date of Delivery 2-7-13 |
| 1. Article Addressed to:<br><br>*Federal Bureau of Investigation*<br>*950 Pennsylvania Ave, NW*<br>*Washington, D.C. 20535* | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number<br>  *(Transfer from service label)* | 7012 3050 0001 1126 0652 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Exhibit E

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X □ Agent □ Addressee |
| | B. Received by ( Printed Name )    C. Date of Delivery <br> DW Jones Jeu    1/21/13 |
| 1. Article Addressed to: <br><br> *Federal Bureau of Investigation* <br> *950 Pennsylvania Ave., NW* <br> *Washington, D.C. 20535* | D. Is delivery address different from item 1? □ Yes <br> If YES, enter delivery address below: ☑ No |
| | 3. Service Type <br> ☑ Certified Mail   □ Express Mail <br> □ Registered   □ Return Receipt for Merchandise <br> □ Insured Mail   □ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   □ Yes |
| 2. Article Number <br> (Transfer from service label) | 7012 1640 0001 1765 8494 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Exhibit F

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

. (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Mr. Corey Davis

U.S.P. Tucson

P.O. BOX 24550

Tucson, AZ 85734

January 22, 2013

United States Postal Service

Office of Inspector General

475 L'Enfant Plaza SW

Washington, D.C. 20260

Certified Mail No. 7012 3050 0001 1126 0669

Re: Subpoena

Dear Postmaster:

 This is the attached page to the enclosed subpoena for the
following documents:


1. All processing information in your agency's possession
related to certified mail number 7008 3230 0003 5591 6064.
This includes, but is not limited to, the date and time this
mail was initially, and subsequently, processed by the United
States Postal Service.

2. All delivery information in your agency, possession related
to certified mail number 7008 3230 0003 5591 6064. This
includes, but is not limited to, the date and time this mail
was delivered, attempted to be delivered, and or returned to
the sender undelivered.

3. All documents reflecting the U.S. Postal Service's
retention policy as it pertains to the maintenance and

destruction of certified mail processing and delivery information. Specifically, any and all documents showing for how long, and in what manner these records are required to be preserved prior to being destroyed.

I thank you for your prompt attention to this matter.

Very Truly Yours,

Corey Davis @42898-053

Exhibit G

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by ( *Printed Name* ) A. Bartholomew   C. Date of Delivery 2-4-13 |
| 1. Article Addressed to:<br><br>U. S. Postal Service<br>Office of Inspector General<br>475 L'Enfant Plaza, SW<br>Washington D.C. 20260 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7012 3050 0001 1126 0669 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
  Corey Davis

           Plaintiff(s),

         -against-
  Joy Brown and PODS Inc.,

          Defendant(s).

------------------------------------------------------X

**AFFIRMATION OF SERVICE**

_12_-CV-_1906_ (SJF)( )

   I _Corey Davis_____, declare under penalty of perjury that I have
served a copy of the attached _Motion To Compel_____
upon _defendants Joy Brown and PODS INC._____
by mailing it to _Joy Brown and Attormey Marc I Kunkin, attorney for_
_PODS Inc._____
whose address is: _145 Clermont Avenue Hempstead, NY 11550 and_
_45 Broadway, Suite 1500, New York, NY 10006, respectively._

Dated: _April, 4___, 20_13_
Central Islip, New York

                      _____
                      Signature
                      U.S.P. Tucson P.O. BOX 24550
                      Address

                      Tucson, AZ 85734
                      City, State & Zip Code

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

Corey Davis
_____
Plaintiff

v.

Joy Brown, PODS Inc.
_____
Defendant

)
)
)
)
)
)
)

Civil Action No.  12-cv-1906

(If the action is pending in another district, state where:

)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  United States Postal Service

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   (SEE ATTACHED PAGE)

| Place: United States Penitentiary Tucson P.O. BOX 24550 Tucson, Arizona 85734 | Date and Time: On or Before February 20, 2013 |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  January 20, 2013
_____

                    CLERK OF COURT

                                        OR

_____          _____
   Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____Corey Davis_____, who issues or requests this subpoena, are:

      P.O. BOX 24550 Tucson, Arizona 85734

