UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
COREY DAVIS,

                              Plaintiff,                              ORDER

    -against-                                                          CV 12-1906 (SJF)(ETB)

JOY BROWN, PODS INC.,

                              Defendants.
------------------------------------------------------------------------X

       This is a diversity action initiated by the pro se plaintiff prisoner seeking a judgment against a storage company and against Joy Brown, with whom plaintiff appears to have been living when he was arrested. Plaintiff alleges that defendant Brown arranged for storage of plaintiff's personal belongings with defendant storage company, PODS, Inc. The latter appears with counsel. Defendant Joy Brown has never appeared in this action, although it appears that she acknowledged the United States Marshal's service of the Summons and Complaint. (See Docket Entry #15.)

       Before the Court is the pro se plaintiff's motion to compel discovery, filed on April 15, 2013. Plaintiff seeks to compel document discovery from defendant Brown, who although apparently served in this action, has never appeared and, therefore, is in default. Discovery is also sought from a non-party, the Federal Bureau of Investigation ("FBI").

       Since defendant Brown has not appeared in this action, the pro se plaintiff is authorized to submit papers in support of any motion for entry of a judgment by default against her. Because Brown has failed to appear, she is not considered a party for purposes of discovery and, accordingly, a motion to compel served by mail is not enforceable. See, e.g., LaBarbera v. Pass

1234 Trucking, Inc., No. CV 2004-1364, 2008 U.S. Dist. LEXIS 48927, at *1 (E.D.N.Y. June 25, 2008) ("Federal courts have consistently held that a defaulting defendants should be treated as a non-party with respect to any discovery sought.") (citing cases); Cartier v. Geneve Collections, Inc., No. CV 2007-0201, 2008 U.S. Dist. LEXIS 35025, at *2 (E.D.N.Y. Apr. 29, 2008) (stating that "for discovery purposes, courts have consistently held that a defaulting defendant should be treated as a non-party"). A subpoena is needed in this situation. See LaBarbera, 2008 U.S. Dist. LEXIS 48927, at *2 ("Plaintiffs must thus comply with Rule 45 of the Federal Rules of Civil Procedure in conducting discovery against the defaulting defendant."); Cartier, 2008 U.S. Dist. LEXIS 35025, at *2 (holding that "a subpoena is required to obtain the information sought from [the defaulting] defendants, rather than the discovery devices applicable to parties . . . ").

The plaintiff's motion to compel also seeks compliance with a subpoena for documents allegedly served on the FBI by certified mail. The FBI has not responded to the pro se plaintiff's subpoena and has failed to respond to this motion to compel compliance with the subpoena.

The pro se plaintiff, who is litigating this action from prison in Arizona, has attached to his motion to compel a subpoena dated December 6, 2012, signed by the pro se plaintiff and commanding the FBI to produce designated documents at the United States Penitentiary in Tucson, Arizona on January 15, 2012.[1] (Pl. Mot. to Compel, Ex. B.) The subpoena issues from the United States District Court for the Eastern District of New York. (Id.) An acknowledgment of receipt by certified mail on behalf of the FBI is dated February 1, 2013 and annexed to plaintiff's motion to compel at Exhibit D. A similar acknowledgment, dated January 21, 2013, is

---

[1] The production date appears to be a clerical error on plaintiff's part and the Court assumes that plaintiff meant to specify production on January 15, 2013.

annexed at Exhibit E.

The pro se plaintiff's motion to compel as against the non-party FBI is denied for the following reasons: First, there is no proof that the FBI was ever served with this motion. Second, the subpoena is not signed by the Clerk of the Court. See Fed. R. Civ. P. 45(a)(3). Third, since the place of production is the federal prison in Arizona, the subpoena must issue "from the court for the district where production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). That is not the Eastern District of New York, but rather, the federal district where the federal prison is located. Fourth, the subpoena was served by mail. Federal Rule of Civil Procedure 45(b)(1) requires personal service. See GMA Accessories, Inc. v. Eminent, Inc., No. 07 Civ. 3219, 2007 U.S. Dist. LEXIS 91755, at *3 (S.D.N.Y. Dec. 11, 2007) (noting that Rule 45 "has generally been interpreted to require 'personal service' and to prohibit 'substituted service'"); Agran v. City of New York, No. 95 Civ. 2170, 1997 U.S. Dist. LEXIS 2577, at *2 (S.D.N.Y. Mar. 10, 1997) (stating that "the weight of authority is that a subpoena duces tecum must be served personally"). Fifth, the FBI acknowledgments of service by mail - on February 1, 2013 and January 21, 2013 - indicate that service was untimely since, allowing for the clerical error noted at footnote 1 above, compliance would have been due no later than January 15, 2013.

For the foregoing reasons, the plaintiff's motion to compel dated April 15, 2013 is denied without prejudice.

**SO ORDERED:**

Dated: Central Islip, New York
May 9, 2013

                                          /s/ E. Thomas Boyle
                                          E. THOMAS BOYLE
                                          United States Magistrate Judge