FILED
CLERK
3/31/2015 2:33 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COREY DAVIS,

                Plaintiff,

   -against-

JOY BROWN, PODS Inc.,

                Defendants.
------------------------------------------------------------X

**ORDER**

12-CV-1906 (SJF)(AYS)

FEUERSTEIN, J.

On April 17, 2012, plaintiff Corey Davis ("Davis" or "plaintiff") commenced this action against defendants Joy Brown ("Brown") and PODS Inc. ("PODS"), seeking to recover damages for a sale of property stored by Brown in a PODS self-service storage container pursuant to a rental agreement between PODS and Brown. [Docket Entry No. 1]. On June 22, 2012, Davis filed an amended complaint ("Amended Complaint" or "Am. Compl."), asserting, *inter alia*, the following claims against Brown: (i) negligence; (ii) intentional negligence; and (iii) violation of bailment. [Docket Entry No. 6].[1] Pending before the Court is Brown's Motion to Dismiss, which, for the reasons set forth below, is denied.

I.     BACKGROUND

    A.     Factual Background

Plaintiff Davis was arrested on December 27, 2006 and is currently incarcerated at the United States Penitentiary, Tuscan. Am. Compl. ¶ 5. In January 2007, Brown "contacted PODS Inc. for the purpose of placing all of plaintiff's home furnishings, personal property, and clothing

---

[1]     Davis's claims against PODS were dismissed pursuant to an order dated September 15, 2014. [Docket Entry No. 79].

in storage." *Id*. ¶ 6. A container arrived at plaintiff's residence at which time Brown supervised the loading of the container with plaintiff's property (*id.* ¶ 7), after which the container was "removed to a location unknown to the plaintiff." *Id*. ¶ 8. Davis alleges that Brown "did not consult [him] prior to placing his property in storage (*id.* ¶ 9) but did inform him after the fact. *Id*.

In April 2010, Davis's sister informed him "that Brown had informed her that [] PODS Inc., had sold all of plaintiff's property" (*id*. ¶ 12) allegedly "due to non-payment of storage fees." *Id*. ¶ 13. Brown told Davis that she was "never sent [] a bill stating that she owed rental fees." *Id.* ¶ 17. Davis alleges that "[a]t no time prior to April of 2010 did defendant Brown inform [him] that his property had been sold" (*id*. ¶ 14), but that Brown subsequently informed him "that she was originally notified of the sale of the property in December of 2009." *Id.* ¶ 15. Davis also alleges that "Brown informed [him] that PODS Inc. never sent her a bill stating that she owed rental fees" (*id*. ¶ 17), that Brown never received the notice of pending sale that PODS claims to have sent to Brown (*id.*) and that "[u]pon information and belief….PODS Inc. never mailed any notice of delinquency, nor any notice of a pending liquidation sale to defendant Brown." *Id*. ¶ 21.

Davis alleges that "[a]t all times relevant, Joy Brown was acting as the custodian of all of plaintiff's personal property" (*id.* ¶ 3) and "assumed total responsibility for the monthly rental payments and assured plaintiff that she would keep them current." *Id*. ¶ 10. According to the Amended Complaint, Davis "trusted Brown to make the payments" (*id.* ¶ 11) and "[a]t no time did [he] authorize Joy Brown or PODS Inc. to liquidate his property." *Id*. ¶ 24. Davis alleges that Brown, "at some point after placing plaintiff's property in storage, become a cooperating witness with law enforcement" (*id.* ¶ 18) and that "because of this cooperation, and law

enforcement's intentional interference with plaintiff and Brown's fourteen year relationship, Brown develop true animosity toward the plaintiff" (*id*. ¶ 19) which "caused Brown to intentionally cease making payments on plaintiff's property." *Id.* ¶ 20. Plaintiff alleges that "[t]he actions of Brown and PODS Inc. caused the plaintiff a deprivation of his property and a total loss of approximately $160,000." *Id.* ¶ 25.

B.  Procedural Background

On June 22, 2012, Davis filed the Amended Complaint asserting claims against Brown for (i) negligence; (ii) intentional negligence; and (iii) violation of bailment. *See* Am. Compl. On May 31, 2013, Brown filed an answer to the Amended Complaint ("Answer"). [Docket Entry No. 35].[2] By order dated September 15, 2014, this Court converted Brown's Answer into a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). [Docket Entry No. 80]. On October 27, 2014, Davis filed an Objection to the Court's Order of September 15, 2014 and argued that the conversion "is tantamount to this Court advocating on behalf of the defendant where defendant's Answer neither (a) plainly manifests such an intent, (b) can be interpreted as adequately raising as 12(b)(6) defense, nor (c) falls within the parameters of Rule 8(c)(2)." [Docket Entry No. 86 ("Davis Opp. to Motion to Dismiss"), at 1]. Davis argues that "insofar as Defendant Brown has not specifically and affirmatively pleaded a Rule 12(b)(6) defense in the converted answer, Plaintiff cannot reasonably be expected to respond to the unexplicated defense." *Id.*, at 2.

---

[2]  Brown's May 31, 2013 submission is titled "Answer to Amended Complaint [and] Counterclaim against PODS." The first half of Brown's submission, which responds to Davis's claims asserted against her in the Amended Complaint, is referred to as the "Answer." Brown's claims against PODS remain pending. *See* Docket Entry No. 79. On January 30, 2015, PODS made Brown a seven thousand dollar ($7,000.00) offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. [Docket Entry No. 102].

3

Brown's "reply" was filed with the Court on January 29, 2015 and does not address her Motion to Dismiss or Davis's opposition thereto, but appears to argue on behalf of Davis that the Court should grant Davis's Motion for Reconsideration of the September 15, 2014 Order because the Court overlooked controlling law and factual matters "in concluding Davis is not a party to the contract between PODS Inc. and Brown" and "when it concluded that Plaintiff's tort claims are predicated on a mere breach of contract." [Docket Entry No. 101]. Plaintiff's Motion for Reconsideration had been denied on October 30, 2014. [Docket Entry No. 93]. On February 9, 2015, Davis filed a motion for reconsideration of the Court's order allowing Brown leave to late file her reply to Davis's opposition to her Motion to Dismiss. [Docket Entry No. 103].

II.  DISCUSSION

   A.  Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. Moreover, in deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)).

In reviewing the parties' submission, the Court is mindful that because both Davis and Brown are proceeding *pro se*, their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Submissions by *pro se* plaintiffs are to be construed liberally and "interpret[ed]…to

raise the strongest arguments that they suggest." *Scott v. Rock*, No. 10-civ-5989, 2013 WL 360398, at *3 (E.D.N.Y. Jan. 30, 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

B.  Plaintiff's Claim for Intentional Negligence

The Amended Complaint alleges that "[b]y knowingly and willfully ceasing to make payments on the storage of plaintiff's property, due to her animosity borne out of her cooperation with law enforcement, Joy Brown intended to, and did in fact cause plaintiff's property to be liquidated." Am. Compl. ¶ 30. Davis's claim against Brown for "intentional negligence" is dismissed because "allegations of intentional conduct cannot form the basis of a claim founded in negligence" (*Dunn v. Brown*, 261 A.D.2d 432, 433, 690 N.Y.S.2d 81, 81 (App. Div. 2d Dep't 1999)), as "[a] party's conduct cannot simultaneously be intentional and careless." *Hettinger v. Kleinman*, 733 F. Supp. 2d 421, 447-48 (S.D.N.Y. 2010).

C.  Plaintiff's Claim for Violation of Bailment

"A bailment is defined as a delivery of personal property for some particular purpose, or a mere deposit, upon a contract express or implied, and that after such purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions or kept until he reclaims it, as the case may be." *Isik Jewelry v. Mars Media, Inc.*, 418 F. Supp. 2d 112, 119 (E.D.N.Y. 2005) (internal citations omitted). "The elements of a bailment are the intent to create a bailment, delivery of possession of the bailed items, and acceptance of the items by the bailee." *Chilewich Partners v. M.V. Alligator Fortune*, 853 F.Supp. 744, 756 (S.D.N.Y. 1994) (citing 8 C.J.S. § 19). "It is the element of lawful possession, and the duty to account for the thing as the property of another, that creates the bailment, whether such possession results from contract or is otherwise lawfully obtained." *Pivar v. Graduate Sch. of*

*Figurative Art of the New York Acad. of Art*, 290 A.D.2d 212, 213, 735 N.Y.S.2d 522 (App. Div. 1st Dep't 2002). A claim for breach of bailment "is essentially a breach of contract claim, as 'a bailment is…merely a special kind of contract.'" *Willey v. J.P. Morgan Chase, N.A.*, No. 09-civ-1397, 2009 WL 1938987, at *9 (S.D.N.Y. July 7, 2009) (citing *Ellish v. Airport Parking Co. of America, Inc.,* 42 A.D.2d 174, 176, 345 N.Y.S.2d 650 (App. Div.2d Dep't 1973) *aff'd,* 32 N.Y.2d 882, 346 N.Y.S.2d 533, 299 N.E.2d 898 (1974)). To prevail on a breach of contract claim under New York law, a plaintiff must prove (i) a contract, (ii) performance of the contract by one party, (iii) breach by the other party, and (iv) damages. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000) (internal citations omitted). "In cases where there is no written agreement between the parties, the proponent must establish, generally through the words and/or conduct of the parties, that a contract was made and that its terms are definite." *Zurich Ins. Grp. v. Grandurismo, Inc.*, No. 00-civ-980, 2000 WL 1677941, at *3 (S.D.N.Y. Nov. 8, 2000); *see also Charles Hyman, Inc. v. Olsen Indus., Inc.*, 642 N.Y.S.2d 306, 309-10 (App. Div. 1st Dep't 1996) (citing *Cobble Hill Nursing Home v. Henry & Warren Corp.,* 74 N.Y.2d 475, 482 (1989)). "[T]he relationship between a bailor and a bailee is fixed by contract, either express or implied, and "the rights and liabilities of the parties must be determined from the terms of the contract, or if implied, under the general principles of law and the surroundings and attending circumstances." *Zurich Ins. Grp.*, 2000 WL 1677941, at *3.

The Amended Complaint alleges that by "retrieving plaintiff's property from his home, [Brown] took possession and control over the property" (Am. Compl. ¶ 34) which "created the implied and express contract between Brown and plaintiff where Brown agreed to assure the security of palintiff's [sic] property until he directed her to do otherwise" (*id*.), that "[a]t no time did the plaintiff instruct Brown, in any way, to dispose of his property" (*id*.), that Brown's

7

"failure to secure plaintiff's property violated the bailment" (*id.*) and that Brown's actions caused damage to plaintiff, specifically "a deprivation of his property and a total loss of approximately $160,000." *Id.* ¶ 25. In light of Davis's status as a *pro se* plaintiff, his allegations are sufficient, at this stage, to plead a breach of a bailment contract. While Brown argues that "[t]here was never an implied or express contract between Defendant Brown and the plaintiff regarding the property" (Motion to Dismiss ¶ 18), and while, after discovery, it may be proven that a bailment contract does not exist, at this stage, liberally construing the Amended Complaint and drawing all reasonable inferences in favor of the plaintiff, plaintiff has alleged sufficient facts to state a claim for breach of a bailment contract.

D.  Plaintiff's Claim for Negligence

"An action based on a bailment can be raised either in contract or in tort." *Muller Boat Works, Inc. v. Unnamed 52%2C House Barge*, 464 F. Supp. 2d 127, 146 (E.D.N.Y. 2006) (internal citations omitted). A contract claim may be "based upon breach of the bailment contract" and a tort claim may be based in "simple negligence." *Id.* (internal citations omitted). "To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of New York,* 66 N.Y.2d 1026, 499 N.Y.S.2d 392, 489 N.E.2d 1294, 1294 (1985)). Under New York law, "[i]n order to make out a duty of care, a plaintiff must establish the existence of a special relationship between the parties, as in the case of professionals, common carriers, and bailees, which may be subject to tort liability for failure to exercise reasonable care." *F.D.I.C. v. Horn*, No. 13-civ-5958, 2014 WL 1236053, at *7 (E.D.N.Y. Feb. 14, 2014) (internal citations omitted). "[A] failure by the bailee to exercise that

8

degree of care which is imposed upon him or her by reason of the nature of the bailment relationship is negligence such as will render the bailee liable to the bailor for any resulting injury or loss of the bailed property." *Muller Boat Works, Inc*, 464 F. Supp. 2d at 147 (internal citations omitted).

Upon a liberal construction of the Amended Complaint, *pro se* plaintiff Davis has sufficiently stated a negligence claim against Brown by asserting that: (1) Brown had a duty as a bailee of plaintiff's property, over which "she assumed sole responsibility for" (Am. Compl. ¶ 27); (2) that Brown breached that duty by failing to maintain the current payments on plaintiff's property placed in storage (*id.*) and by failing to inform plaintiff that she would not or could not make the payments (*id.*); and (3) that Brown's actions caused damage to the plaintiff, specifically "a deprivation of his property and a total loss of approximately $160,000." *Id*. ¶ 25; *see Bellis v. Tokio Marine & Fire Ins. Co.*, No. 93-civ-6549, 2002 WL 193149, at *11 (S.D.N.Y. Feb. 7, 2002) ("the existence of the bailor/bailee relationship means that even without the without the contractual element that Plaintiff alleges to exist, specifically, the agreement that [the alleged bailee] would return [alleged bailor's property] to him in the same condition it was received by [the alleged bailee]…an alleged bailee may still be held liable under a negligence theory for failing to keep the [plaintiff's property] in the same condition as [it was] when provided to [alleged bailee].").

While Brown argues that she "never assumed sole responsibility for the plaintiff's property, [and] thus had no legal obligation to maintain current the payments on the plaintiff's property" (Motion to Dismiss ¶ 17), and while, after discovery, it may be proven that Brown owed no duty to Davis, at this stage, liberally construing the Amended Complaint and drawing

all reasonable inferences in favor of the plaintiff, plaintiff has alleged sufficient facts to state a claim for negligence.

      E.      Plaintiff's Motion for Reconsideration

Davis's motion for reconsideration of the order allowing Brown leave to late file her reply to Davis's opposition to Brown's Motion to Dismiss [Docket Entry No. 103] is denied as moot. The document filed by Brown is not a reply, but an answer in support of plaintiff's motion for reconsideration of the Court's September 15, 2014, which was denied on October 30, 2014.

III.     CONCLUSION

For the foregoing reasons, Brown's Motion to Dismiss is denied, except with respect to Davis's claim of intentional negligence, which is hereby dismissed. The parties are respectfully referred to Magistrate Judge Anne Y. Shields to conduct discovery on Davis's remaining claims against Brown, which is to be completed on or before **July 31, 2015**. A pretrial telephone conference is scheduled before the undersigned on **October 5, 2015 at 11:15 a.m.**

**SO ORDERED.**

                                            s/ Sandra J. Feuerstein
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: March 31, 2015
        Central Islip, New York